UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

           Petitioner,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

           Respondent.

Case No. C21-1721-JCC-SKV

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding pro se and *in forma pauperis*, submitted a 28 U.S.C. § 2254 habeas corpus petition associated with a 2016 sentence entered in King County Superior Court. Dkt. 1-1. The Court issued an Order Declining to Serve the Petition and Granting Petitioner Leave to Amend. Dkt. 7. The Order outlined several deficiencies in the proposed petition.

First, a petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id*. Failure to name the

REPORT AND RECOMMENDATION - 1

1 petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360.

2 Petitioner did not identify a respondent in the petition, *see* Dkt. 1-1 at 1, and elsewhere

3 improperly named the Washington State Department of Corrections as respondent, Dkts. 1 & 4.

4     Second, the Court cannot grant a writ of habeas corpus unless a petitioner demonstrates

5 that he is in custody in violation of federal law and that the highest state court decision rejecting

6 his grounds was either "contrary to, or involved an unreasonable application of, clearly

7 established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §

8 2254(a) and (d)(1). Petitioner must prove that his custody violates the Constitution, laws or

9 treaties of the United States. 28 U.S.C. § 2254(a); *see also McKenzie v. McCormick*, 27 F.3d

10 1415, 1418-19 (9th Cir. 1994). In the proposed petition, Petitioner identifies as his sole ground

11 for relief "unlawful detainment/false imprisonment" and "failure to follow [judgment] &

12 sentence." Dkt. 1-1 at 5. He asserts he has been "held illegally" beyond the terms of his

13 judgment and sentence. *Id*. It is, as such, not clear from the petition whether Petitioner alleges

14 any federal constitutional violation.

15     Third, and finally, "[a]n application for a writ of habeas corpus on behalf of a person in

16 custody pursuant to the judgment of a State court shall not be granted unless it appears that . . .

17 the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §

18 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair

19 opportunity to resolve federal constitutional claims before those claims are presented to the

20 federal courts," and, therefore, requires "state prisoners [to] give the state courts one full

21 opportunity to resolve any constitutional issues by invoking one complete round of the State's

22 established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A

23

REPORT AND RECOMMENDATION - 2

complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

Petitioner indicates he pursued his claim in the Washington Court of Appeals and presented it to the highest state court. Dkt. 1-1 at 6, 12. Also, a review of state court filings appears to show petitioner recently pursued a number of matters before both the state court of appeals and the Washington Supreme Court. *See generally* https://dw.courts.wa.gov. However, it remains unclear whether and when Petitioner exhausted any federal constitutional claim at issue in the habeas petition.

On January 21, 2021, the Court declined to serve the petition or to direct that an answer be filed, and granted Petitioner leave to amend his petition, if possible, to correct the identified deficiencies. Dkt. 7. The Court directed Petitioner to file the amended petition within thirty days of the Court's Order. The Court noted that, if Petitioner failed to correct the identified deficiencies within thirty days, the petition would be subject to dismissal without prejudice to returning to federal court later with a fully exhausted and otherwise proper habeas petition.

To date, the Court has not received an amended petition or other response from Petitioner. Accordingly, for the reasons discussed above, the Court now recommends the petition be dismissed without prejudice.[1] Additionally, because petitioner has not made "a substantial showing of the denial of a constitutional right[]" 28 U.S.C. § 2253(c)(2), the Court concludes he is not entitled to a certificate of appealability with respect to his claims. *See Miller-*

---

[1] The Court again advises Petitioner that, pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. That period of limitation typically commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). The period of direct review ordinarily includes the ninety-day period in which a petitioner may file a petition for writ of certiorari with the United States Supreme Court, whether or not such a petition is actually filed. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also* Sup. Ct. Rule 13(1). However, the one-year limitations period for filing a § 2254 action is tolled for any "properly filed" collateral state challenge to the pertinent judgment or claim. § 2244(d)(2).

REPORT AND RECOMMENDATION - 3

*El v. Cockrell*, 537 U.S. 322, 327 (2003) (petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.")  A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 25, 2022**.

Dated this 3rd day of March, 2022.

S. KATE VAUGHAN
United States Magistrate Judge